IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERRENCE CROSLIN | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  JFM- 15-1997 |
| | * | |
| BALTIMORE POLICE OFFICER | * | |
|   W. BROWN, III,  G738 | * | |
| | * | |
| Defendant. | * | |
| | *** | |

**MEMORANDUM**

Errence Croslin, a self-represented plaintiff, submitted this complaint without paying the $400 civil filing fee or filing a motion to proceed in forma pauperis.  Because the complaint fails to state a cognizable federal claim, requiring him to file additional financial information to assess financial ability to pay the $400 filing fee would be futile and merely delay resolution of this case.

"Federal courts are courts of limited jurisdiction…." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968).  The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U .S. 327, 336 (1895).  The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

The Complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760.  If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed.R.Civ.P. 12(h)(3).

Croslin does not allege grounds for this court to exercise jurisdiction, and none is apparent. Croslin claim that Defendant, whom he identifies as a Baltimore City Police Officer, stopped him on June 28, 2015 "on Hartford." (ECF 1, p. 3). Croslin states was driving a U.S. Postal Service vehicle, and when stopped, provided the vehicle registration to the officer. Defendant then allegedly stated, "your [sic] the only [p]ostal vehicle I've seen today and look at you, corn-rolls [sic] black male in a black shirt and jean pants, you don't have a uniform on, you back brake light is out and it needs to be repaired and you were doing 2 times the speed limit." As relief, Croslin asks for a "conference settlement." *Id*. at 4.

Insofar as Croslin's intention is to suggest he was improperly stopped based on impermissible discriminatory animus, he does not allege any facts that support a claim of discrimination because of his religion, race, color, or national origin. Nor does he allege that any other members of the public were treated differently. While pro se complaints are to be generously construed, the court is not required to conjure up questions not squarely presented or to act as an advocate for a pro se claimant. *See Brock v. Carroll*, 107 F.3d 241, 242 (4th Cir. 1997). Under the facts alleged here, there is no claim of constitutional or federal violation.

Accordingly, the court concludes it is obligated to dismiss this case for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3). A separate order follows.

August 13, 2015        ___/s/_____
Date        J. Frederick Motz
      United States District Judge